IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

OCTOBER 1998 SESSION

FILED

December 9, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| WENDELL GENE WATTS, | ) | |
| | ) | |
| Appellant, | ) | No. 01C01-9711-CC-00533 |
| | ) | |
| | ) | Maury County |
| v. | ) | |
| | ) | Honorable James L. Weatherford, Judge |
| | ) | |
| STATE OF TENNESSEE, | ) | (Post-Conviction) |
| | ) | |
| Appellee. | ) | |

For the Appellant:

Shara Ann Flacy
District Public Defender
    and
William C. Bright
Assistant Public Defender
128 North Second St.
P.O. Box 1208
Pulaski, TN 38478-1208
(AT TRIAL

Shara Ann Flacy
District Public Defender
    and
Joseph L. Penrod
128 North Second Street
P.O. Box 1208
Pulaski, TN 38478-1208
(ON APPEAL)

For the Appellee:

John Knox Walkup
Attorney General of Tennessee
    and
Karen M. Yacuzzo
Assistant Attorney General of Tennessee
425 Fifth Avenue North
Nashville, TN 37243-0493

Michael T. Bottoms
District Attorney General
P.O. Box 459
Lawrenceburg, TN 38464
    and
Robert Sanders
Assistant District Attorney General
Maury County Courthouse
Columbia, TN 38401

OPINION FILED:_____


AFFIRMED PURSUANT TO RULE 20

Joseph M. Tipton
Judge

# O P I N I O N

The petitioner, Wendell Gene Watts, appeals the denial of post-conviction relief by the Maury County Circuit Court.  He is presently in the custody of the Department of Correction serving a ninety-nine-year sentence for his conviction for aggravated rape in 1982.  The petitioner contends that the statute of limitations should not bar his petition for post-conviction relief because: (1) he lacked the resources with which to file it timely; (2) his interest in presenting his grounds for relief outweighs the government's interest in applying the statute of limitations; and (3) State v. Livingston, 907 S.W.2d 392 (Tenn. 1995), announced a new rule, and its application is not barred by the three-year statute of limitations for post-conviction relief.

The petitioner was convicted on January 26, 1982, of aggravated rape and sentenced to ninety-nine years.  The conviction was affirmed by this court.  State v. Wendall [sic] Gene Watts, No. 82-72-III, Maury County (Tenn. Crim. App. Oct. 6, 1982), app. denied (Tenn. Jan. 31, 1983).

The petitioner filed a petition for post-conviction relief on February 28, 1996, and subsequently filed three amendments.  The state responded that the petition was barred by the statute of limitations.

The post-conviction court granted a hearing to determine whether the petition was time barred, and on October 30, 1997, ordered the petition dismissed due to the failure to file within the statute of limitations.

Tenn. Code Ann. § 40-30-202 is the controlling authority with regard to the statute of limitations on post-conviction relief petitions.  It provides for a review of a

2

post-conviction petition filed outside the statute of limitations only in specific instances. The petitioner's claims in this case fail to meet any of these exceptions.

We note that the petitioner asserts a new rule was established by our supreme court in Livingston, which would entitle him to a review of this post-conviction petition. Livingston concerned the admissibility of "fresh complaint" evidence in light of the Tennessee Supreme Court's decision in State v. Kendricks, 891 S.W.2d 597 (Tenn. 1994). In Jimmy Wayne Wilson v. State, No. 03C01-9611-CR-00409, Sullivan County (Tenn. Crim. App. Oct. 30, 1997), Wilson made an argument analogous to the petitioner's: that the Kendricks court created a new constitutional right requiring retroactive application to his case. However, the court held that Kendricks did not establish a new constitutional right but simply modified the principles governing "fresh complaint" evidence. Likewise, we conclude that Livingston did not establish a new constitutional right requiring retroactive application. Rather, it is a modification of evidentiary principles governing "fresh complaint" testimony. Therefore, the trial court properly denied the petitioner's claim since it was barred by the statute of limitations.

After full consideration of the record, the briefs, and the law governing the issues presented, we are of the opinion that the record supports the trial court's action, that no error of law exists that would require a reversal, and that no precedential value would be derived from the rendering of an opinion. Therefore, we conclude that the judgment of the trial court should be affirmed pursuant to Rule 20, Tenn. Ct. Crim. App.

                                        _____
                                        Joseph M. Tipton, Judge

CONCUR:


_____
Joe G. Riley, Judge


_____
James Curwood, Jr., Judge